**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:24-cr-00320-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1.  DERRICK PATRICK BERNARD, JR.,
          a/k/a "Phoenixx Ugrilla,"

    2.  ASHLEY DANIELLE BLACKCLOUD,
          a/k/a Ashley Hernandez, a/k/a "Trinity Black Cloud,"

    3.  DEANNA CRYSTAL WEST,
          a/k/a "Vital Sweetz," a/k/a "Sage West,"

      Defendants.

---

**PROTECTIVE ORDER**

---

THIS MATTER comes before the Court on the Government's [Unopposed]

Motion for Protective Order.  Pursuant to Fed. R. Crim. P. 16(d)(1) and for good

cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The term "Protected Discovery Material" means documents created by

the Federal Bureau of Investigation (FBI), including reports and memoranda;

Colorado Springs Police Department (CSPD) reports, audio recordings of interviews,

expert reports, financial records, surveillance camera videos and photographs,

government records, law enforcement affidavits, information seized pursuant to

search warrants or court process, any personal identifying information contained

within materials, and all other information contained in such materials.

2.      Use of Protected Discovery Material.  The defendants and defense counsel shall only use the Protected Discovery Material to prepare a defense in this case.  The "case" includes: the investigation, pretrial hearings (including preliminary hearing and detention hearing), pretrial motions practice,  trial preparation, trial, sentencing, and appeal.  The Protected Discovery Material shall not be used for any other purpose, or in connection with any other proceeding, without further order of the Court.

3.      Access to Protected Discovery Material.  Defense counsel shall not disclose the Protected Discovery Material to any person or entity other than the defendants, agents of defense counsel who are directly assisting in the representation of the defendants (including any office staff of defense counsel), any expert witnesses retained by the defendants, any investigators retained by defendants, and other persons to whom the parties jointly authorize disclosure (collectively, "authorized persons").

4.      Limits on Disclosure.  Authorized persons who review or retain Protected Discovery Material in the manner described above must ensure that the Protected Discovery Material, any necessary copies, or their contents thereof, are not relinquished or disseminated, physically or electronically, to any non-authorized person without further order of the Court.

5.      Notice of Protective Agreement.  Defense counsel will inform all authorized persons having access to the Protected Discovery Material of the

2

contents of the Court's protective order, and its terms will be binding upon those

persons.

6.     Leave of Court.  Defense counsel will obtain leave of the Court before

disseminating Protected Discovery Material to anyone other than authorized

persons.

7.     Control of Protected Discovery Material.  Defense counsel, including

staff, paralegals, legal assistants, and secretaries, shall remain in control of the

Protected Discovery Material, including any copies thereof, until the final resolution

of this case.

8.     Copies.  Protected Discovery Material shall only be copied by defense

counsel, including office staff and agents of defense counsel, and any expert

witnesses retained by defense counsel, to the extent necessary to prepare the

defense of the case.  Potential witnesses and their counsel, and the defendants, may

be shown copies of the materials as necessary to prepare the defense, but may not

retain copies without prior permission of the parties.

9.     Storage of Protected Discovery Material.  The Protected Discovery

Material is  to be stored in a manner that protects it from unauthorized disclosure.

10.     Additional Representatives.  Any counsel of record who is retained or

appointed to represent a defendant, or who is later relieved of representation of a

defendant, is bound by this Order unless excused from its terms by further order of

the Court.

11.     Resolution of Case.  Upon resolution of all stages of this case, defense counsel shall destroy or return to the United States the Protected Discovery Material and all copies made thereof, and certify the disposition of any such materials to the Court and the United States.  The obligations imposed by this Protective Agreement survive the final resolution of this case, and the Court shall retain jurisdiction after such final determination for the limited purpose of enforcing the provisions of this Protective Agreement until and unless the Court decides otherwise.

12.     Copies of the Protected Discovery Material filed with any Court must be filed under an appropriate level of restriction to retain the confidential nature of the materials unless consent to filing in the public record is obtained from an attorney for the Government or by leave of Court.

13.     Judicial Proceedings.  The restrictions set forth in this Order do not apply to documents once they have become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of Protected Discovery Material in judicial proceedings in this case.

14.     Nothing contained in this Order shall preclude any party from applying to a Court for further relief or for modification of any provision hereof.

DATED THIS ____ DAY OF NOVEMBER 2024.

BY THE COURT

_____
HON. REGINA M. RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4