## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:24-cr-00320-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    **2. ASHLEY DANIELLE BLACKCLOUD,**
        **a/k/a Ashley Hernandez, a/k/a "Trinity Black Cloud,"**

    Defendant.

---

## MOTION TO MODIFY BOND FOLLOWING CONVICTION

---

On Friday, May 23, 2025, a jury convicted the defendant of violating 18 U.S.C. § 844(e) and of conspiracy to violate that statute. As proven at trial, defendant Ashley Blackcloud worked with co-conspirator Derrick Bernard to threaten a candidate for office, or to maliciously spread false information about a threat.

The defendant is guilty of a crime involving a violent threat. She is no longer entitled to a presumption of innocence or liberty. 18 U.S.C. § 3143(a)(1). Instead, it is now *her* burden to prove by clear and convicting evidence that she is not likely to flee or pose a danger of safety to any other person. *Id.* As the Senate articulated in the report accompanying the Bail Reform Act:

1

> Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal. The conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law.

Senate Judiciary Committee Report, S. Rep. NO. 225, 98th Cong., 1st Sess. 19 (1983). *See, e.g., United State v. Johnson*, 652 F. App'x 619, 622 (10th Cir. 2019) (affirming order of detention pending sentencing after applying presumption and concluding that even defendant facing only 0-6 months' imprisonment could be a flight risk).

The defendant cannot overcome the presumption simply by pointing to the fact that she has done what the law and the courts require of everyone: follow the law. *See United States v. Martinez*, 2020 WL 1666804, at * 2 (W.D. Okla. April 3, 2020 ("That Defendant was previously compliant with pretrial conditions, at a time when Defendant was hopeful that he would be acquitted of his charges, is insufficient to show by clear and convincing evidence that he would neither flee nor present a danger to the community."); *United States v. Hanhardt*, 173 F. Supp. 2d 801, 806 (N.D. Ill. 2011) (noting that arguments seeking pre-sentencing release based on compliance with pre-trial release orders are "routinely rejected" because "prior to trial there is the possibility of no imprisonment, which evaporates upon a finding of guilt").

The government incorporates by reference its filing at ECF No. 51: this defendant, in a romantic relationship with co-defendant Derrick Bernard, has been found guilty of conspiring to commit a crime with him.  Derrick Bernard, in turn,

has been convicted by a state jury of being part of a conspiracy, initiated *while he was detained*, to solicit a murder. That solicitation involved, in part, the use of romantic parties as agents and messengers. The Court saw at this trial that, Bernard believes that "loyalty is paramount" and Blackcloud believes "it's everything." Gov't Ex. 041.

A cooperating witness testified at trial. The government's position is that there is a risk of retaliation, and that increased conditions at the least restrictive means are appropriate to ensure the safety of the public and the defendant's appearance at future proceedings, especially given the much higher burden for release that applies upon conviction. Pending sentencing, the Court should impose heighted restrictions on the defendant's bond that would include a GPS monitor.

By: *s/Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

By: *s/Candyce Cline*
Candyce Cline
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Candyce.Cline@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of May, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

<u>*/s/ Bryan Fields*</u>
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office