UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO (DENVER)

---

No. 1:24-cr-320-RMR

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ASHLEY DANIELLE BLACKCLOUD,

Defendant.

---

**RESPONSE TO MOTION TO MODIFY BOND FOLLOWING CONVICTION**

---

The government has requested the Court to heighten Ashley Blackcloud's bond conditions following conviction pending sentencing and impose a GPS monitoring requirement, evidently afraid that Ms. Blackcloud might retaliate against a cooperating witness. Bond Motion, Doc. 197. We interpret this as an allegation that Ms. Blackcloud is a "danger to the safety of any other person or the community" under 18 U.S.C. § 3143(a)(1), which governs release pending sentencing. Because the government has not raised any concern about Ms. Blackcloud's risk of non-appearance, we will focus this short response on its allegations of dangerousness.[1] Section § 3143(a)(2) does not apply. Ms. Blackcloud is not a danger to anyone, heightened conditions are unnecessary as evidenced by her adherence to bond

---

[1] Her three brothers, grandparents, parents and autistic son all live in Colorado. Ms. Blackcloud works in Colorado Springs.

conditions and further, she requests the Court to remove the current restriction that she only be permitted contact with co-defendant Derrick Bernard in the presence of both lawyers.

The initial release order had a no contact order and a GPS monitoring requirement due to the government's allegations, like the ones raised here (her relationship with Mr. Bernard and events outlined in Doc. 51 and Exhibits 51-1 through 51-4), that she might tamper with witnesses if she were released. The Court amended the no contact order to permit telephonic contact between Ms. Blackcloud and Mr. Bernard if both lawyers were present. Order, Doc. 59. On December 20, 2024, the Court removed the GPS monitoring requirement. Minute Order, Doc. 65. The government did not oppose the request to remove the GPS monitoring requirement due to Ms. Blackcloud's good behavior on bond.

Ms. Blackcloud has faithfully adhered to all conditions of bond and there have been no problems. Her pretrial services officer reported to the Court on May 9, 2025 about Ms. Blackcloud's compliance and said that "the defendant is not likely to flee or pose a danger to the safety of another person or the community…." Release Status, Doc. 172. Compliance with bond conditions is not per se dispositive of the § 3143(a)(1) factors but the Court may certainly consider Ms. Blackcloud's compliance, and the pretrial services officer's opinion, as evidence that she is not a danger. *See United States v. Martinez,* 21-CR-01934 (D.N.M. Apr. 10, 2025) (compliance with bond not only can establish clear and convincing evidence that a defendant will not flee or pose a danger but also can also amount to "exceptional reasons" in § 3145 cases).

The government has unsupported, hypothetical concerns that Ms. Blackcloud will misbehave pending sentencing. The cooperating co-defendant's testimony was helpful to Ms. Blackcloud's defense and generally, the cooperating co-defendant described nothing about her relationship with Ms. Blackcloud that was negative nor any attempts by Ms. Blackcloud to contact her since this case has been pending. Mr. Bernard has been convicted of solicitation to murder. Exhibit, Doc. 51-1. The offense conduct was in 2019 before Ms. Blackcloud met Mr. Bernard. Ms. Blackcloud has been supportive of Mr. Bernard as he navigates his other cases, but she was not involved in the offense conduct related to the solicitation in any way. Mr. Bernard has been in custody for this matter, and other state court matters, since July 6, 2023. As a result, all of his communications have been monitored by custodial authorities for nearly two years. The government points to no problematic communications that Ms. Blackcloud has had with him since she has been on bond.

We believe that the base offense level under the United States Sentencing Guidelines will be 12 and that Ms. Blackcloud will be in Criminal History Category I. Ms. Blackcloud is no longer on probation and has no pending state court criminal cases.[2] Ms. Blackcloud did not contest her conduct in this case at trial, only whether there was a true threat. Ms. Blackcloud's track record on bond establishes by clear and convincing evidence that she is not likely to flee or pose a danger. She is a good candidate for release on the same terms and conditions, without GPS monitoring.

---

[2] Probation in El Paso County Court 2020CR5250 was terminated on January 9, 2025, and the charges in 2024M3257 were dismissed by motion of the prosecutor on January 9, 2025. PTS, Doc. 39, pp. 8-9. Not listed in the Pretrial Services Report, but mentioned by the government in its oral motion regarding bond conditions, were charges that were dismissed by the El Paso County Court on June 9, 2024 in 23CR4830, now on appeal.

However, the requirement that both counsel be present when Ms. Blackcloud and Mr. Bernard speak on the phone has been cumbersome for counsel.  Any conversation or email Ms. Blackcloud could have with Mr. Bernard would be necessarily monitored due to his custody, so we ask the Court to consider removing that condition.

Respectfully Submitted,

BRITT M. COBB, LAW OFFICES
Dated: May 27, 2025          Attorney for Defendant Blackcloud

s/      *Britt M. Cobb*

_____

Britt M. Cobb (30099)
Britt M. Cobb, Law Offices
3570 E. 12th Avenue, Suite 200, #142
Denver, CO 80206
(303) 351-1628
britt@brittmcobb.com