IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Criminal Case No. 24-cr-00320-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DERRICK PATRICK BERNARD, JR.,
**2. ASHLEY DANIELLE BLACKCLOUD,** and
3. DEANNA CRYSTAL WEST,

    Defendants.

## ORDER

Before the Court is Defendant Ashley Blackcloud's Motion for Release Pending Appeal, Stay of Sentence, and Memorandum in Support (the "Motion"). ECF No. 300. Defendant Blackcloud seeks to continue her bond pending appeal in this case pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3143. The Government has responded in opposition. ECF No. 308. For the reasons outlined in this Order, the Motion is **GRANTED.**

### I.    BACKGROUND

This case involved a scheme by three defendants to convey false information about an alleged attempt to intimidate a Black mayoral candidate by a cross burning to support the candidate's mayoral run-off election. The facts of this case are outlined in detail in the Court's Order addressing Defendant Blackcloud and Defendant Bernard's

motions to dismiss. *See generally United States v. Bernard*, No. 24-CR-00320-RMR, 2025 WL 1359282, at *1 (D. Colo. May 9, 2025).

Defendant Blackcloud and Defendant Bernard were found guilty by a jury on the two counts in the Indictment: Count 1: 18 U.S.C. § 371 Conspiracy to Commit an Offense Against the United States, namely a violation of 18 U.S.C. § 844(e); and Count 2: 18 U.S.C. §§ 844(e), 2 using instrumentalities of interstate commerce to maliciously convey false information to intimidate someone by means of fire. *See* ECF No. 196.[1] Defendant Blackcloud filed a Motion for Judgment of Acquittal or for a New Trial and Brief in Support (the "Motion for Acquittal"), ECF No. 212, which this Court denied on the record, ECF No. 291. On January 16, 2026, the Court sentenced Ms. Blackcloud to twelve months and one day as to each Count to be served concurrently and followed by three years of supervised release. *Id.* Defendant Blackcloud filed a Notice of Appeal on January 21, 2026. ECF No. 297. She is scheduled to self-surrender on March 3, 2026. Defendant Blackcloud asks the Court to continue her bond pending the resolution of the appeal.

## II.  LEGAL STANDARD

"There is no constitutional right to bail pending appeal." *United States v. Affleck*, 765 F.2d 944, 948 (10th Cir. 1985) (en banc). "Rather, the 'general rule' is that a defendant who has been convicted will be detained on his or her sentence pending an appeal." *United States v. Yurek*, No. 15-cr-00394-WJM, 2018 WL 1932750, at *1 (D. Colo. Apr. 24, 2018) (quoting *United States v. Fisher*, 613 F. App'x 748, 749 (10th Cir. 2015)). Under 18 U.S.C. § 3143, the Court "shall order" a defendant be detained unless it finds

---

[1] Defendant West pleaded guilty to Count 1 of the indictment before trial. ECF No. 110.

(1) that the defendant is not likely to flee or pose a danger to the community; and (2) that the appeal "is not for the purpose of delay and raises a substantial question of law or fact" that is likely to result in reversal, a new trial, a non-custodial sentence, or a reduced sentence to a term of imprisonment less than the total of the time already served, plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B).

The "substantial question" analysis requires the Court to make two determinations. "First, the court must decide that the appeal raises a 'substantial' question of law or fact." *Affleck*, 765 F.2d at 952. Then the Court must decide whether, if the substantial question were to be answered in the defendant's favor on appeal, the appellate decision "is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Id.* (quotation omitted). Defendant has the burden to show that bail pending appeal is warranted. *Id.* at 953. A defendant must prove she is not likely to flee or pose a danger to the community by clear and convincing evidence, but the remaining elements can be proved by an ordinary preponderance of evidence. *Id.* at 953 n.15.

### III.    ANALYSIS

The Court finds that Defendant Blackcloud has established by clear and convincing evidence that she is not likely to flee or pose a danger to any person or the community. At the conclusion of the trial, the Court held a bond review hearing for Defendant Blackcloud. ECF No. 200. During the hearing, the Court found that Defendant Blackcloud was unlikely to flee. Regarding Defendant Blackcloud being a danger to the community, the Court imposed a condition of GPS monitoring, in part, because of her erratic and unpredictable behavior as it relates to her co-defendant and romantic partner,

Mr. Bernard, but allowed her to remain on bond pending her sentence. *Id.* The Court incorporates its findings from the bond review hearing here. Furthermore, the Court finds that the appeal is not for the purposes of delay. The manner and effort already expended in Defendant Blackcloud's defense belies any notion that Defendant Blackcloud's appeal is for delay purposes.

The focus of the Court's analysis is whether Defendant Blackcloud's appeal raises a "substantial question" that is likely to result in reversal or an order for a new trial. 18 U.S.C. § 1343(b)(1)(B). "There is no precise standard for deciding when a question is 'substantial.'" *United States v. Jackson*, 876 F. Supp. 1221, 1223 (D. Kan. 1994). General guidelines exist, but the determination ultimately rests on the facts of each case. *Affleck,* 765 F.2d at 952. A substantial question is more than non-frivolous; it is a close question that is either fairly debatable or fairly doubtful. *Id.* In other words, it is a question "'that very well could be decided the other way.'" *Id.* (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985)). A novel question or a question of first impression in this circuit may be substantial, unless plainly meritless or easily resolved from other circuits' case law. *Affleck,* 765 F.2d at 952. "This definition of 'substantial question' is consistent with the intent behind the Bail Reform Act of 1984 of making bail pending appeal the exception, not the rule." *Jackson*, 876 F. Supp. at 1223 (citing *United States v. Powell,* 761 F.2d 1227, 1232 (8th Cir.1985)).

The Government argues that there is no substantial question because Defendant Blackcloud is contesting a jury instruction that Defendant Blackcloud stipulated to. ECF No. 308 at 5. The Court does not agree that the issue is as simple as the Government

4

presents. The jury instruction in question explains the elements of Count 2, defines a "true threat," and sets out the mens rea the Government was required to prove to convict Defendant Blackcloud. ECF No. 194 at 26-27 (Jury Instruction No. 20: Elements of Count 2). On May 6, 2025, the parties provided competing jury instructions addressing the violation of 18 U.S.C. § 844(e) charged in Count 2. ECF Nos. 161, 162. On May 9, 2025, the Court issued an order denying Defendant Blackcloud and Defendant Bernard's motions to dismiss ("MTD"). ECF No. 171. On May 13, 2025, the Court held the final trial preparation conference ("FTPC"). ECF No. 176. At the FTPC, the Court instructed the parties to meet and confer and see if they could agree on language for the jury instruction addressing the elements of Count 2, considering the Court's ruling on the MTD. ECF No. 250, FTPC Hr. Tr. 53:18-54:21. The next day, on May 14, 2025, the parties submitted a stipulated version of the jury instruction. ECF No. 178 at 31-32.

The Court's ruling on the MTD addressed what Defendant Blackcloud identifies, and the Court agrees, is the substantial question in this matter: "whether *Counterman* overruled *Black*[2] and *Heineman*[3] and whether, if it did, *Counterman*[4] applies retroactively." ECF No. 320 at 8. This issue of what constitutes a "true threat" and the mens rea required has been a theme of Ms. Blackcloud's Defense throughout the matter,

---

[2] *Virginia v. Black*, 538 U.S. 343, 363 (2003) (holding "that the First Amendment permits the government to regulate "cross burnings done with the intent to intimidate because burning a cross is a particularly virulent form of intimidation")
[3] *United States v. Heineman*, 767 F.3d 970, 977 (10th Cir. 2014) ("We read *Black* as establishing that a defendant can be constitutionally convicted of making a true threat only if the defendant intended the recipient of the threat to feel threatened.").
[4] *Counterman v. Colorado*, 600 U.S. 66, 79 (2023) (holding that the mens rea required to prove a true threat is recklessness, meaning that "a speaker is aware that others could regard his statements as threatening violence and delivers them anyway").

including in her MTD, ECF No. 71, her objection to the jury instruction, ECF No. 162, and in her Motion for Acquittal, ECF No. 212. The Court's analysis on the issue can be found in its order denying the MTD, *Bernard*, 2025 WL 1359282, at *1, and its reasoning stated on the record for denying the Motion for Acquittal, ECF No. 291. It is not as simple as the substantial question being one of a stipulated jury instruction, as the Government would like the Court to adopt. During the FTPC, the Court recognized that Defendant Blackcloud preserved her objection on the issue on the record. ECF No. 250, FTPC Hr. Tr. 54:1-12.

The Court believes the stipulated instruction, ECF No. 178 at 31-32, is consistent with the Court's ruling on the MTD and demonstrates a compromise of the parties' positions such that it would allow a reasonable juror to determine whether Defendant Blackcloud's communications constituted a true threat as required under 18 U.S.C. § 844(e). However, this is not a case where the defendant is simply arguing an error in giving a Tenth Circuit's pattern jury instruction. *See United States v. Reger*, No. 21-CR-00192-RM, 2024 WL 4564384, at *2 (D. Colo. Oct. 24, 2024) (denying release pending appeal because, in part, "[t]he question raised with respect to the instruction is far from substantial" when a Tenth Circuit's pattern jury instruction was used). The Tenth Circuit does not have a pattern jury instruction on 18 U.S.C. § 844(e). The Court had to turn to the Eleventh Circuit for a pattern jury instruction for § 844(e) because it is the only Circuit with a pattern jury instruction for § 844(e). *Bernard*, 2025 WL 1359282, at *2 n.2. To complicate matters, *Counterman v. Colorado*, the case relied on by the Government for its definition of a true threat in the instruction regarding the elements of § 844(e), did not involve cross burnings or § 844(e). 600 U.S. 66 (2023).

6

Case No. 1:24-cr-00320-RMR   Document 324   filed 02/23/26   USDC Colorado   pg 7 of 8

This Court has noted the unusualness of this case on the record. *See* ECF No. 302, Sentencing Hr. Tr. 20:1-25. This is the first time the Government has used 18 U.S.C § 844(e), a statute traditionally used in the context of a bomb threat, to convict someone for conduct related to a cross burning. *Id.* Thus, the issues raised by Defendant Blackcloud are novel and a matter of first impression for the Tenth Circuit. *Affleck,* 765 F.2d at 952. The Court finds that "the Government's prosecution of the Defendants in this case included substantial ventures into uncharted legal territory, which resulted in the Court having to make a number of decisions for which it lacked substantial guidance. While the Court believes its rulings were correct, it acknowledges that the Tenth Circuit may well disagree. A finding in Defendant's favor on the issues [s]he raises on appeal could result in a reversal of all of [her] convictions and a remand for a new trial. Given the significant legal issues encompassed by Defendant's appeal, the Court finds that Defendant has met [her] burden of showing that such appeal is not for the purposes of delay and that it raises 'substantial questions' that may result in reversal or an order for a new trial. The Court therefore finds that Defendant [Blackcloud] has met [her] burden under 18 U.S .C. § 3143(b)." *United States v. Exec. Recycling, Inc.*, No. 11-CR-00376-WJM, 2013 WL 3927682, at *2 (D. Colo. July 30, 2013).

### IV.     CONCLUSION

For the foregoing reasons set forth above, the Court ORDERS as follows:

1. Defendant Blackcloud's Motion for Release Pending Appeal, Stay of Sentence, and Memorandum in Support, ECF No. 300, is **GRANTED**; and

7

2. Defendant's bond is hereby **CONTINUED** for the duration of her appeal, subject to all of the conditions set forth in the Court's orders during the bond review hearing, ECF No. 200.

DATED: February 23, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge
