UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO (DENVER)

---

No.24-CR-320-RMR

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ASHLEY DANIELLE BLACKCLOUD,

Defendant.

---

**UNOPPOSED MOTION TO MODIFY CONDITIONS OF APPEAL BOND**

---

The Court granted Ashley Danielle Blackcloud's motion for bond pending appeal on February 23, 2026. Order, Doc. 324. The Court ordered that Ms. Blackcloud's bond be continued for the duration of her appeal, subject to all of the conditions set forth in the Court's order regarding bond conditions entered after conviction in May 2025. Ms. Blackcloud now asks the Court to revisit and remove two of those appeal bond conditions: the GPS monitoring requirement and the restriction on being able to communicate with Derrick Bernard.

The government, through Chief United States Attorney Bryan Fields, states that it does not object to removing the GPS monitoring requirement or the no contact provision with Bernard. The probation officer supervising Ms. Blackcloud on bond heartily supports removal of the GPS requirement.

Ms. Blackcloud was charged with two counts in an Indictment filed November 6, 2024.  She has been on bond with various conditions since that time with no violations.  Ms. Blackcloud spent 6 days in custody following her arrest on the Indictment but as soon as she was brought before a judge, she was released on bond with conditions.  Doc. 17.  One of those conditions, GPS tether, was discontinued after about 5 weeks due to Ms. Blackcloud's strict compliance and good performance on bond.  Doc. 65.  After her conviction at trial in May 2025, Ms. Blackcloud's bond was continued but the GPS tether was reinstated due to the heightened standards following conviction under 18 U.S.C. § 3143(a)(1).  The Court was convinced that Ms. Blackcloud was not a danger of flight on bond but was somewhat concerned about the dangerousness factor because of her "erratic partner," co-defendant Derrick Bernard. It felt that the GPS tether was a modest additional restraint.  Ms. Blackcloud has been on GPS tether since May 2025 without any incidents.

Ms. Blackcloud's supervision officer, Ashley Bixler, sent counsel the following email on May 15, 2026:

> Hi everyone,
>
> Ashley (Blackcloud) has done amazing on pretrial supervision. There has (sic) been no noncompliance issues with her. I know she has had her ankle monitor on for some time and has abided by all rules and regulations. I would be in support of removing it. Please let me know if you need any additional information, thanks.

Thus, probation supports removing the GPS tether.  For her part, Ms. Blackcloud notes that it is expensive and uncomfortable to wear the tether.

Another condition that has been in place since the inception of the case is that

her ability to communicate with Bernard has been limited.  It was originally limited to permit communication only in the presence of both attorneys.  Minute Order, Doc. 29.  After conviction at trial, the Court amended that condition to allow contact between Ms. Blackcloud and Bernard in the presence of just one of the lawyers.  Bond Hearing, May 27, 2025.

At Bernard's sentencing hearing, he asked the Court to vacate the protection order so that he and Ms. Blackcloud can communicate.  Doc. 367, p. 91.  The Court noted that it had not received any communication from Ms. Blackcloud and that it had information that Bernard was married to someone other than Ms. Blackcloud, so it denied Bernard's request, noting that it would entertain future requests by either party.

The Court has stayed sentence and Ms. Blackcloud's matter is pending on appeal in the court of appeals.  Rule 8 of the Federal Rules of Appellate Procedure requires Ms. Blackcloud to seek modification of the bond first before the Court and the Court may amend the conditions pursuant 18 U.S.C. § 3142(c)(3).

In this case, Ms. Blackcloud has scrupulously adhered to the conditions of bond since December 2024 and earned the trust of the probation officer.  She has been on a GPS tether since May 2025 without incident.  Ms. Blackcloud reports to counsel that she is in school full-time and working full time.  Bernard remains incarcerated so any communication Ms. Blackcloud would have with him would be monitored in the normal course, in any event.  Ms. Blackcloud's track record on bond has demonstrated that she intends to behave in the way the Court expects and further

3

GPS monitoring and no contact with Bernard are demonstrably unnecessary to achieve this.

WHEREFORE, Ashley Danielle Blackcloud asks the Court to remove from her bond conditions the GPS monitoring requirement and the restriction on being able to communicate with Derrick Bernard.

Respectfully Submitted,

BRITT M. COBB, LAW OFFICES
Dated:    June 8, 2026         Attorney for Defendant

s/      *Britt M. Cobb*

Britt M. Cobb (30099)
1544 Race Street
Denver, CO 80206
(303) 351-1628
britt@brittmcobb.com